UNITED STATES DISTRICT COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VINCENT REED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-cv-1527-RLW |
| | ) |
| FLORISSANT COUNTY | ) |
| CHILD SUPPORT, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff Vincent Reed's motion for leave to proceed in forma pauperis and submission of a civil complaint. The motion will be granted, and this action will be dismissed.

### Legal Standard

Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, if the Court determines at any time that it lacks subject matter jurisdiction, the Court must dismiss the action. Additionally, when a complaint is filed in forma pauperis, the Court must review it and dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915. Having reviewed the instant complaint, the Court has determined that it lacks subject matter jurisdiction. The Court will therefore dismiss this action.

### The Complaint

Plaintiff filed the complaint against "Florissant County Child Support."[1] His allegations stem from state determinations regarding his paternity and obligation to pay child support. In sum, plaintiff characterizes the state's decision regarding his obligation to pay child support as a "contract" that the defendant wrongfully induced him to enter, and he characterizes the state's child support enforcement mechanism as a "franchise." He alleges he has suffered various penalties, including lost wages, seizure of income tax refunds, revocation of various licenses, and damage to his credit, and he alleges he has been wrongfully required to be employed and make regular child support payments to the "IV-D franchise." As relief, he seeks "compensatory damages and punitive damages that exceed the amount of $75,000 due injuries."

This is the fourth action plaintiff has brought in this Court since 2012 seeking to challenge his child support obligation. *See Reed v. Missouri Child Support Enforcement, et al.*, No. 4:12-cv-1391-CAS (2012); *Reed v. Collier, et al.*, No. 4:13-cv-2565-CAS (2013); and *Reed v. Domestic Relations Section/Florissant County et al.*, No. 4:18-cv-365-RLW (2018). All of those actions were dismissed after the Court determined it lacked subject matter jurisdiction. Additionally, in 2016, plaintiff filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to challenge the state court's decision in his criminal non-support case. *See Reed v. State of Missouri*, No. 4:16-cv-1444-SNLJ-PLC (2016). The Court dismissed the petition as untimely. This Court takes judicial notice of the foregoing actions that are closely related to the one at bar. *See United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981) (citations omitted) (district court may take judicial notice, whether requested or not, of its own records and files and facts that are part of its

---

[1] In 2012, plaintiff pled guilty in the Circuit Court of St. Louis County to one count of criminal non-support, a class D felony. He was sentenced to a five-year term of probation. He sought review of that judgment in this Court pursuant to 28 U.S.C. § 2254, but the petition was dismissed as time-barred. *See Reed v. State of Missouri*, No. 4:16-cv-1444-SNLJ-PLC (E.D. Mo. 2016).

public records; judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it).

## Discussion

Since the Supreme Court's decision in *Barber v. Barber*, 62 U.S. 582, 584 (1858), federal courts, including the Eighth Circuit Court of Appeals, have recognized a limitation on their jurisdiction over cases involving domestic relations. *See Wallace v. Wallace,* 736 F.3d 764, 766 (8th Cir. 2013) and *Khan v. Khan*, 21 F.3d 859, 861 (8th Cir. 1994). In *Khan,* the Eighth Circuit recognized that the "domestic relations exception . . . divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." 21 F.3d at 861 (internal citation omitted). Even "when a cause of action closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction." *Id.* To that end, issues concerning child support obligations are "clearly within the domestic relations exception domain . . .". *Lannan v. Maul,* 979 F.2d 627, 631 (8th Cir. 1992).

Here, while plaintiff has drafted the complaint to sound in tort, his claims are so inextricably intertwined with prior state determinations regarding his child support obligation that subject matter jurisdiction does not lie in this court. Additionally, to the extent plaintiff asks this Court to determine that state court decisions regarding his paternity and child support obligation were wrong, this Court notes it lacks subject matter jurisdiction to engage in appellate review of state court decisions. *Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). With the exception of habeas cases, "review of state court decisions may be had only in the Supreme Court." *Id.* The Court will therefore dismiss this case for want of jurisdiction.

3

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 12(h)(3). A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 28th day of August, 2019.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE